United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PABLO HERNANDEZ CORTEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-04686 (EJD)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Before the Court is Petitioner Jose Pablo Hernandez Cortez's Petition for Writ of Habeas Corpus filed pursuant to 8 U.S.C. § 2241. *See* Dkt. No. 1. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a)—which authorizes the Government to detain certain non-citizens during the pendency of their removal proceedings—he maintains that "[t]he Government has failed to provide any individualized justification for his continued detention, which violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment." *Id.* at 2. For the reasons that follow, the Court denies the petition without prejudice.

## I. BACKGROUND

Petitioner is a native of Mexico who entered the United States on February 12, 2004 without inspection. *Id.* at 1. Based on the record before the Court, he has not previously been detained by the Department of Homeland Security ("DHS"). However, he is married to a United States citizen and submitted an Application for Cancellation of Removal in 2024. *See* Dkt. No. 8-1 at 68–75. The record does not indicate the status of this petition.

Since arriving in the United States, Petitioner has been arrested three times: once for

driving without a valid license, and twice for domestic battery. *See id.* at 19–22. None of these arrests resulted in convictions. *Id*. However, the most recent arrest for domestic battery on March 7, 2026 led to Petitioner's current detention by ICE. *See id*. at 13. Following his arrest, the Palm Beach County Sherriff's Office contacted ICE, and he was transferred to ICE custody on or around March 8, 2026. *Id*. He has remained detained since.

On June 8, 2026, Petitioner, proceeding through counsel, requested a custody redetermination hearing before an Immigration Judge ("IJ"). *Id*. at 24–30. The hearing was held on June 10, 2026. *Id*. at 10. Following discussion with Petitioner's attorney and DHS regarding Petitioner's criminal history, the IJ denied bond finding in an oral order that Petitioner was a danger to the community. *See* Dkt. No. 7 (Recording of hearing). The written order states that bond was denied because "Respondent is a danger as a danger [sic] to the community and is subject to mandatory detention." Dkt. No. 8-1 at 1. Petitioner reserved his right to appeal the decision, however, it appears he never filed one.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief, arguing (1) that Petitioner is properly detained under 8 U.S.C. §

1226(a) and has received the process he is due under that statute, and (2) that he must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. *See* Dkt. No. 8 at 3–4. In reply, Petitioner argues that exhaustion should be excused because the hearing he received was constitutionally inadequate given the IJ's passing reference to mandatory detention in his written order, and the fact that the IJ placed the burden on Petitioner at the hearing. *See* Dkt. No. 9 at 3–7. Petitioner further argues that requiring him to appeal his order to the BIA, or seek a renewed bond hearing in Immigration Court, would likely be delayed, causing Petitioner irreparable harm due to prolonged detention without adequate bond procedures. *Id*. at 4–5. For the reasons that follow, the Court finds that, to the extent Petitioner challenges the IJ's findings, he must exhaust his administrative remedies before seeking relief in this court. The Court further finds that Petitioner has not shown his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

As an initial matter, the Court notes that Petitioner does not mention that he received a bond hearing in his petition, despite the fact that the hearing occurred roughly a week before

Petitioner dated and signed his petition. However, to the extent that Petitioner challenges the IJ's findings, including the passing reference in the IJ's written order that detention is mandatory, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerousness finding—is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his continued detention under 8 U.S.C. § 1226(a) violates his due process rights. *See* Dkt. No. 1 at 7–8.

**B. Due Process**

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond by demonstrating that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may then seek habeas relief in federal district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011). Finally, an

United States District Court
Eastern District of California

individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Based on the record before the Court, Petitioner received the process to which he is entitled under 8 U.S.C. § 1226(a), including a bond hearing before an IJ where Petitioner was represented by counsel. The fact that the IJ did not impose a clear and convincing standard on the Government during said hearing does not render Petitioner's detention unconstitutional. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a second bond hearing, Petitioner does not demonstrate that his case is distinguishable from *Rodriguez Diaz* where the Ninth Circuit held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. *See id*. at 1203–14. This is particularly true where Petitioner received a bond hearing only three months ago and does not appear to have requested a further bond hearing based on changed circumstances. *See* 8 C.F.R. § 1003.19(e); *V.G.P. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-05559-MWJS, 2026 WL 2150782, at 1 (E.D. Cal. July 27, 2026) (finding continued detention under § 1226(a) constitutional where petitioner has received bond hearing and had not requested a further hearing). Accordingly, Petitioner's continued detention under 8 U.S.C. § 1226(a) is constitutional.

United States District Court
Eastern District of California

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice to refiling on changed circumstances. The Clerk of Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: September 23, 2026

EDWARD J. DAVILA
United States District Judge